UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IAN HARRIS,

                Plaintiff,

    - against -

CITY OF NEW YORK, THE QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE, THE NEW YORK CITY POLICE DEPARTMENT POLICE OFFICER OMAR CASTILLO, POLICE OFFICER CONWAY, DETECTIVE HABER, and POLICE OFFICER JOHN DOE NUMBERS 1-10, unknown and intended to be named New York City Police Officers involved in the occurrences herein, individually and in their respective capacities as members of the New York City Police Department,

                Defendants.
----------------------------------------------------------------x

**Docket No.**

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

Ian Harris ("Mr. Harris" or "Plaintiff"), by his undersigned attorneys, Raiser & Kenniff, P.C., as and for his Verified Complaint against the City of New York (the "City"), the Queens County District Attorney's Office (the "DA"), the New York City Police Department (the "NYPD"), and Police Officer John Doe Numbers 1-10, unknown and intended to be named New York City Police Officers involved in the occurrences herein, individually and in their respective capacities as members of the New York City Police Department (together, the "Defendants"), hereby allege as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 11 and 12 of the New York State Constitution. Plaintiff brings this action for violations of his civil rights, false

arrest, false imprisonment, malicious prosecution, negligent hiring, negligent training and supervision, and other wrongful acts by Defendants.

2. Plaintiff alleges that on or about September 3, 2011, at approximately 10:40 p.m., he was lawfully present on his property at 212-40 112th Road, Queens, New York 11429, when he was unlawfully handcuffed, detained, restrained, wrongfully taken into custody, and wrongfully imprisoned by officers of the NYPD.

3. Plaintiff further alleges that Plaintiff was maliciously prosecuted by the DA on two counts of Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03).

4. On February 29, 2012, the Queens County Supreme Court denied Plaintiff's motion to suppress physical evidence recovered and his statements made to the Police Officers. The denial of Plaintiff's motion led to his conviction upon a jury verdict on August 8, 2012. However, on or about November 26, 2014, the Supreme Court, Appellate Division, Second Department reversed the lower court's decision denying Plaintiff's motion to suppress and dismissed the indictment (*See People v. Harris*, 122 A.D.3d 942 (2d Dep't 2014)).

5. Plaintiff alleges that on the night of his arrest, the Defendant Officers and their superiors and employers violated his Fourth Amendment right to be free from unreasonable searches and seizures; that they unlawfully entered his gated property without permission and conducted a search of his person without his permission, without cause and in direct conflict with both his state and federal privacy rights. Plaintiff further alleges that Defendants caused Plaintiff severe injuries, including, but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, loss of his right to move and travel freely, legal fees, and related damages, by reason of the intentional, malicious, willful, reckless, careless, and/or negligent conduct of Defendants, their agents, servants, employees, and/or licensees.

6. Plaintiff further alleges that the County, NYPD, and the DA, are individually, jointly and severally liable for the violations of Plaintiff's constitutional rights, in that said defendants have:

7. falsely arrested and imprisoned Plaintiff in violation of his rights against unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution;

8. maliciously prosecuted Plaintiff despite lacking admissible evidence to demonstrate Plaintiff's guilt;

9. failed to properly and adequately hire their agents, servants, employees, and/or licensees involved in the occurrences herein; and

10. failed to properly train, instruct, supervise, and/or discipline their agents, servants, employees, and/or licensees involved in the occurrences herein.

## JURISDICTION AND VENUE

11. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), this being an action seeking redress, and to recover damages for violations of Plaintiff's constitutional and civil rights.

12. Venue is proper for the United States District court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff was and is, at all relevant times herein, a resident of the County of Queens, State of New York.

14. The Defendant DA was and is, at all times relevant herein, a municipal agency of the Defendant City.

15. Police Officer Omar Castillo ("Castillo"), Police Officer Conway ("Conway"), Detective Haber ("Haber"), and Police Officer John Doe Numbers 1-10 (collectively, the "Defendant Officers") were and are, at all times relevant herein, officers, employees, and agents of the Defendant NYPD, a municipal agency of the Defendant City.

16. At all times relevant herein, the Defendant Officers were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for, and on behalf of, the City at all times relevant herein with the power and authority vested in them as officers, agents, and employees of the City and incidental to the pursuit of their duties as officers, employees, and agents of the City.

17. The Defendant City is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and a district attorney's office, which both act as its agents in the areas of law enforcement and criminal prosecution respectively, and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and a district attorney's office, and the employment of police officers and assistant district attorneys, as said risk attaches to the public consumers of the services provided by the City.

### STATEMENT OF FACTS

18. On or about September 3, 2011, at approximately 10:40 p.m., Castillo and Conway were on patrol in the area of 212-40 112th Road, Queens, New York 11429.

19. As Castillo and Conway approached 212-40 112th Road, Queens, New York 11429 in their marked patrol car, they saw Plaintiff standing on the sidewalk of the residence smoking a cigarette.

20. Plaintiff entered the property through a gate and walked up the driveway, Castillo exited his vehicle, opened the gate, followed Plaintiff up the driveway, and immediately patted down Plaintiff for a weapon without conducting any meaningful inquiry and without probable cause to conduct a pat down.

21. Upon information and belief, Castillo unlawfully recovered a gun from Plaintiff and unlawfully handcuffed and arrested him for Criminal Possession of a Weapon.

22. On February 29, 2012, Plaintiff, by his criminal attorney, filed a motion to suppress the physical evidence recovered and Plaintiff's statements to the officers on the ground that his rights against unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments had been violated by the actions of Castillo and Conway.

23. The Queens County Supreme Court, however improperly denied Plaintiff's motion to suppress, and consequently, Plaintiff was convicted upon a jury verdict of two counts of Criminal Possession of a Weapon in the Second Degree on or about July 23, 2012.

24. On or about August 8, 2012, Plaintiff was sentenced to 3.5 years incarceration followed by a 2.5 year period of post-release supervision.

25. On or about November 26, 2014, the Supreme Court, Appellate Division, Second Department reversed the decision of the lower court that denied Plaintiff's suppression motion, and dismissed the indictment, concluding that Castillo lacked reasonable suspicion to believe that Plaintiff posed a threat to the Police Officers' safety to justify a pat-down, especially when an "unidentified bulge" alone was insufficient to indicate the presence of a weapon, and the

5

Officers were not responding to a report of a crime involving a weapon (*See People v. Harris*, 122 A.D.3d 942 (2d Dep't 2014)).

## FIRST CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. § 1983 AND BY THE FORUTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

26. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

27. At all times relevant herein, the conduct of the City, the NYPD, the DA, and the Defendant Officers were subject to the provisions of 42 U.S.C. §§ 1983 and 1988.

28. As of September 3, 2011, there existed a clearly recognized federal right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures by government actors, and deprivation of liberty without due process of law.

29. The conduct and actions of the Defendants, acting jointly and severally under color of state law, in unlawfully arresting and imprisoning Plaintiff, and in unlawfully prosecuting Plaintiff knowing that they did not have probable cause for the search and seizure of Plaintiff or the gun therein, was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause damage to Plaintiff's reputation, loss of wages and employment, legal fees, and related damages in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

30. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## SECOND CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983 AND BY THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION BY FAILING TO PROTECT THE PLAINTIFF FROM UNCONSTITUTIONAL HARM

31. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

32. As of September 3, 2014, there existed a clearly recognized civil right to be free from wrongful and/or illegal acts which would violate the rights guaranteed to Plaintiff under the Constitution and Laws of the United States and the State of New York.

33. The conduct and actions of the Defendants, acting jointly and severally under color of state law, failing to take any steps to protect Plaintiff from unjustified arrest, imprisonment, and prosecution was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause damage to Plaintiff's reputation, loss of wages and employment, legal fees, and related damages in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

34. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages,

7

including but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, loss of his ability to move about freely and unencumbered, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

### THIRD CLAIM

### CONSTITUTIONAL CLAIMS AGAINST THE CITY, THE NYPD, AND THE DA

35. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

36. At all times material to this Verified Complaint, the City, acting through the NYPD and the DA, had in effect *de facto* policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents, and occupants of the City of New York that were a direct and proximate cause of the unconstitutional conduct of the Defendants.

37. These *de facto* policies, practices, and customs include, *inter alia:* (a) the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control NYPD officers responsible for law enforcement and assistant district attorneys responsible for prosecuting criminal cases; and (b) the failure to properly train and supervise NYPD officers and ADAs to properly investigate potential criminal activity and to prosecute said criminal activity.

38. At all times herein, the City, the NYPD and the DA have authority to address the alleged behavior that violates citizens' constitutional rights and to institute corrective measures.

39. At all times herein, the City, the NYPD, and the DA knew or should have known that there was no admissible evidence to support an arrest of Plaintiff, but the City, the NYPD, and the DA failed to take calculated steps to ensure that proper attention was given to Plaintiff's

circumstances, choosing instead to remain deliberately indifferent to the violation of Plaintiff's constitutional rights.

40. As a direct and proximate result of the City's, the NYPD's, and the DA's wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, loss of the right to move about freely and unencumbered, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## FOURTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

41. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

42. Defendants NYPD, and the Defendant Officers, acting individually and in concert, intentionally and deliberately falsely detained, arrested, restrained, and imprisoned Plaintiff without any admissible evidence that Plaintiff committed a crime.

43. Plaintiff was conscious of his confinement in connection with the unjustified charges against him, and did not consent to the confinement.

44. The confinement of Plaintiff was not otherwise privileged.

45. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

46. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

47. The actions of the NYPD, and the Defendant Officers, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff by the DA for Criminal Possession of a Weapon in the Second Degree.

48. A judicial proceeding was commenced and prosecuted against Plaintiff despite the absence of admissible evidence connecting him to the crimes alleged.

49. As a result of the judicial proceeding, Plaintiff suffered embarrassment and damage to his reputation.

50. This judicial proceeding was undertaken without probable cause and with malice aforethought.

51. The judicial proceeding was terminated in favor of Plaintiff on or about November, 26, 2014 when the Appellate Division reversed the Queens County Supreme Court's denial of Plaintiff's suppression motion and dismissed the indictment, but not before Plaintiff was convicted upon a jury verdict on or about August 8, 2012 due to the admission of inadmissible evidence against him.

52. Plaintiff was injured by having to go through this judicial proceeding and an appeal, and suffered interference with his person, reputation, wages, and employment as a result of this proceeding. Plaintiff also suffered severe emotional distress and infringement of his right to move about freely and unconstrained as a result of the judicial proceeding.

53. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, emotional distress, pain and suffering, reputational damage, loss of wages and employment, loss of the right to move about freely and unencumbered, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## SIXTH CLAIM

### PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST THE CITY, THE NYPD, AND THE DA

54. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

55. At all times relevant herein, the City, the NYPD, and the DA, have been grossly negligent and/or negligent in the hiring, supervision, training, and monitoring of their officers, agents, and employees responsible for law enforcement, the investigation of alleged criminal activity, and the prosecution of said criminal activity.

56. Specifically, officers of the NYPD receive minimal instruction regarding the rights of those accused to have committed a crime, and these officers receive no proper supervision over their investigations against alleged criminals, especially when the suspects are black, such as Plaintiff. This absence of oversight allows a culture of violating civil rights and covering up mistakes to permeate throughout the ranks of the NYPD.

57. Moreover, a culture exists within the DA where the ADAs assigned to prosecute cases, and are unsupervised by their superiors, turn a blind eye to constitutional violations committed by the officers of the NYPD, and fail to properly weed out such cases from the courts' docket, thereby wasting the courts' time in having to issue rulings in cases that should

have never been brought before the courts due to obvious violations (such as Plaintiff's underlying case).

58. As a result of the City's, the NYPD's, and the DA's failure to properly hire, supervise, train, and monitor their officers, agents, and employees, Plaintiff was falsely arrested, falsely imprisoned, and maliciously prosecuted for the alleged crime of Criminal Possession of a Weapon.

59. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against the Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) The convening and empaneling of a jury to consider the merits of the claims herein;

(d) Costs and interest and attorneys' fees; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
       November 10, 2015

Respectfully submitted,

**RAISER & KENNIFF, P.C.**

By: _____
      Anthony J. Colleluori, Esq.
300 Old Country Road, Suite 351
Mineola, New York 11501
(516) 742-7600
acolleluori@raiserkenniff.com

*Attorneys For Plaintiffs*

# VERIFICATION

STATE OF NEW YORK )
)  ss.:
COUNTY OF NASSAU )

ANTHONY J. COLLELUORI, ESQ. being sworn, deposes and says:

He is a member of RAISER & KENNIFF, P.C. attorneys for Plaintiff IAN HARRIS in the within action; he has read the within Verified Complaint and knows the contents thereof; and the same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and as to those matters, he believes them to be true.

The source of his information and knowledge are based upon an investigation of the records on file.

The reason this Verification is being made by deponent and not by the Plaintiff is that the Plaintiff not within the county where deponent has its offices.

ANTHONY J. COLLELUORI, ESQ.

Sworn to before me this

10 day of November, 2015

_____
Notary Public

Reg No. 02CA6322039
Valid from 3/30/15 to 3/30/19

14