UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

IAN HARRIS,

                         Plaintiff,

v.

CITY OF NEW YORK, THE QUEENS COUNTY
DISTRICT ATTORNEY'S OFFICE, THE NEW
YORK CITY POLICE DEPARTMENT, POLICE
OFFICER OMAR CASTILLO, POLICE OFFICER
CONWAY, DETECTIVE HABER, and POLICE
OFFICER JOHN DOES NUMBERS 1–10,

                         Defendants.

**MEMORANDUM & ORDER**
15-CV-06467 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ian Harris commenced this action on November 12, 2015, against Defendants the City of New York, the Queens County District Attorney's Office, the New York City Police Department (the "NYPD"), Police Officer Omar Castillo, Police Officer Conway, Detective Haber,[1] and Police Officer John Does Numbers 1–10, alleging claims for false arrest, unlawful search and seizure, malicious prosecution and municipal liability in violation of 42 U.S.C. § 1983, as well as state law claims for negligent hiring, training and supervision against the City of New York, the NYPD and the Queens District Attorney's Office. (Compl. ¶ 1, Docket Entry No. 1.) At a pre-motion conference on May 4, 2016, the Court dismissed Plaintiff's state law

---

[1] Plaintiff does not provide the full names for Officer Conway or Detective Haber.

claims and Plaintiff's claims against the NYPD and the Queens District Attorney's Office.[2] (Min. Entry dated May 4, 2016.) Defendants move to dismiss Plaintiff's malicious prosecution claim, which, other than the bifurcated municipal liability claim, is Plaintiff's sole remaining claim. (Defs. Mot. to Dismiss ("Defs. Mot."), Docket Entry No. 22.) For the reasons discussed below, the Court grants Defendants' motion to dismiss and dismisses both the malicious prosecution claim and the municipal liability claim.

**I. Background**

Plaintiff alleges that on September 3, 2011, at approximately 10:40 PM, officers Castillo and Conway were on patrol when they saw Plaintiff smoking a cigarette on the sidewalk outside of a residence located at 212-40 112th Road, Queens, New York. (Compl. ¶¶ 18–19.) Castillo got out of his patrol car and followed Plaintiff, who proceeded to walk through a gate surrounding the property and walk up the driveway of the property. (*Id.* ¶ 20.) Castillo observed an "unidentified bulge" on Plaintiff. (*Id*. ¶ 25.) Castillo then "patted [Plaintiff] down" for a weapon and recovered a gun. (*Id.* ¶¶ 20–21.) Plaintiff was arrested and charged with two counts of criminal possession of a weapon in violation of New York Penal Law section 265.03. (*Id.* ¶¶ 3, 21.)

According to Plaintiff, Defendants "unlawfully prosecut[ed] [him] knowing that they did not have probable cause" to search Plaintiff and seize the weapon, and "a judicial proceeding was commenced and prosecuted against Plaintiff despite the absence of admissible evidence

---

[2] The Court also bifurcated the municipal liability claim pending decision on Defendants' motion. (Min. Entry dated May 4, 2016.) Subsequent to the pre-motion conference, Plaintiff consented to the dismissal of his time-barred false arrest and unlawful search and seizure claims. (*See* Defs. Mem. of Law in Supp. of Mot. to Dismiss ("Defs. Mem.") 3 n.1, Docket Entry No. 22-1.) The Court therefore orders the dismissal of Plaintiff's false arrest and unlawful search and seizure claims.

connecting him to the crimes alleged." (*Id.* ¶¶ 29, 48.) During the criminal proceeding in Queens County Supreme Court, Plaintiff moved to suppress the physical evidence recovered during the search as well as certain statements Plaintiff made to the officers, arguing that the search was in violation of his Fourth and Fourteenth Amendment rights. (*Id.* ¶ 22.)

Judge Steen W. Paynter of the Queens County Supreme Court denied the motion to suppress, and a jury convicted Plaintiff of two counts of criminal possession of a weapon in the second degree. (*Id.* ¶ 23.) Plaintiff was subsequently sentenced to three-and-a-half years of incarceration and two-and-a-half years of post-release supervision. (*Id.* ¶ 24.) Plaintiff appealed his conviction, and on November 26, 2014, the Supreme Court, Appellate Division, Second Department (the "Appellate Division") reversed the Supreme Court's ruling on Plaintiff's suppression motion. (*Id.* ¶ 4 (citing *People v. Harris*, 997 N.Y.S.2d 481, 481 (App. Div. 2014)).) The Appellate Division determined that officer Castillo "lacked reasonable suspicion to believe that Plaintiff posed a threat to the [p]olice [o]fficers' safety to justify a pat-down, especially when an 'unidentified bulge' alone was insufficient to indicate the presence of a weapon, and the [o]fficers were not responding to a report of a crime involving a weapon." (*Id.* ¶ 25 (citing *Harris*, 997 N.Y.S.2d at 481).) Having suppressed the gun and certain statements made by Plaintiff to the officers, the Appellate Division held that there was insufficient evidence to convict Plaintiff and dismissed the indictment.[3] *Harris*, 997 N.Y.S.2d at 481. The Appellate

---

[3] Because Plaintiff relies upon *People v. Harris*, 997 N.Y.S.2d 481 (App. Div. 2014) in alleging his malicious prosecution claim, the Court finds that it is integral to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that a document is integral to the complaint where the plaintiff (1) has "actual notice" of the document and its information and (2) has "relied upon the[ ] document[] in framing the complaint" (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991))). Plaintiff cites the Appellate Division opinion twice and references it a third time in support of his allegations that the criminal proceeding was terminated in his favor. (Compl. ¶¶ 4, 25, 51.)

Division remitted the case to the trial court to determine whether to seal the proceedings pursuant to New York Penal Law section 160.50. *Id.*

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Concord Assocs., L.P. v. Entm't Prop. Trust*, 817 F.3d 46, 52 (2d Cir. 2016) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### b. Malicious prosecution claim

Plaintiff fails to establish that the criminal proceeding was terminated in his favor and therefore, Plaintiff cannot sustain a malicious prosecution claim. Defendants argue that in order to show that the criminal proceeding was terminated in his favor, Plaintiff must show an

adjudication of the merits or that the dismissal of the proceeding is indicative of Plaintiff's innocence, (Defs. Mem. 6). Defendants further argue that, because the procedural dismissal of Plaintiff's prosecution is not indicative of Plaintiff's innocence, it is not a favorable termination. (Defs. Mem. 6–7; Defs. Reply 2–3, Docket Entry No. 25.) Plaintiff argues that he is only required to establish that the termination of the criminal proceeding was not "inconsistent with innocence." (Pl. Opp'n 4–5, Docket Entry No. 24.) Plaintiff further argues that the reversal and dismissal of the indictment by the Appellate Division was a termination in his favor because dismissals that "include constitutional privilege assertions" are considered favorable terminations. (Pl. Opp'n 4–5 (citing *Anilao v. Spota*, 774 F. Supp. 2d 457, 508 (E.D.N.Y. 2011)).)

"[T]o prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citations and internal quotation marks omitted). Under New York law, the elements of a malicious prosecution claim are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Morris v. Silvestre*, 604 F. App'x 22, 24 (2d Cir. 2015) (quoting *Manganiello*, 612 F.3d at 161). In a claim for malicious prosecution under Section 1983, "the plaintiff must also show 'that there was . . . a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'" *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 375 (S.D.N.Y. 2015) (alteration in original) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

5

Favorable termination requires a plaintiff to "demonstrate a final termination of the criminal proceeding in [his] favor, or at least 'not inconsistent with [his] innocence.'" *Okoi v. El Al Israel Airlines,* 378 F. App'x 9, 11 (2d Cir. 2010) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 196 (2000)). The standard to determine favorable termination is governed by the applicable state law. *See Hygh v. Jacobs*, 961 F.2d 359, 367 (2d Cir. 1992). Generally, under New York law, "a criminal proceeding is terminated favorably to the accused when 'there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense.'" *Smith-Hunter,* 95 N.Y.2d at 195–96 (quoting *Robbins v. Robbins*, 133 N.Y. 597, 599 (1982)). However, even where a termination is final, it will only be a favorable termination if the termination "is not inconsistent with innocence." *Rothstein v. Carriere*, 373 F.3d 275, 286 (2d Cir. 2004) (first citing *Smith-Hunter*, 95 N.Y.2d at 198–99; and then citing *Cantalino v. Danner*, 96 N.Y.2d 391, 396 (2001)); *Anilao*, 774 F. Supp. 2d at 508 (collecting cases illustrating various circumstances that are not favorable terminations). Although in some instances courts have determined that the favorable-termination test requires a showing of the defendant's actual innocence, the New York Court of Appeals has clearly explained that a defendant's burden is only to demonstrate a final termination that is "not inconsistent with innocence."[4] The determination of whether the termination is "not inconsistent with innocence"

---

[4] The Second Circuit has applied both the stringent standard, requiring that the disposition indicate the accused's innocence, and the more lenient standard, requiring that the disposition not be inconsistent with innocence. *Compare Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence.") *with Rothstein v. Carriere*, 373 F.3d 275, 286 (2d Cir. 2004) ("[T]he plaintiff's burden is to demonstrate a final termination that is not inconsistent with innocence." (citing *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 198–99 (2000))); *see also Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686, 2014 WL 1010408, at *10 n.10 (E.D.N.Y. Mar. 17, 2014) (noting the "apparent fissure amongst Second Circuit opinions

depends on the "circumstances of each case," *Cantalino*, 96 N.Y.2d at 396, and courts "have reached varying results that are difficult to reconcile" in determining whether a case has been favorably terminated, *O'Brien v. Alexander*, 101 F.3d 1479, 1486 (2d Cir. 1996) (quoting *Lopez v. City of New York*, 901 F. Supp. 684, 688 (S.D.N.Y. 1995)).

Since *Smith-Hunter*, the Second Circuit, the New York Court of Appeals and at least two district courts have all held that a dismissal of a conviction or a dismissal of a case because evidence is suppressed, particularly when the evidence was suppressed on appeal, is not a favorable termination.[5] *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 162 (2d Cir. 2013) (affirming a district court's grant of summary judgment dismissing a malicious prosecution claim where the plaintiff's conviction was reversed and the indictment was dismissed by the Appellate Division based on evidence that should have been suppressed because "the officers found crack

---

with respect to the proper standard for assessing a favorable termination"). However, the less stringent test is appropriate based on the Second Circuit instruction that state law governs section 1983 malicious prosecution claims and because the New York Court of Appeals specifically cautioned against setting a high bar for the favorable termination standard, instead, stressing that the termination need only be "not inconsistent with innocence." *Smith-Hunter*, 95 N.Y.2d at 198–99 ("We reject the notion — as contrary to the common law and our longstanding precedents — that, under the particular circumstance here, plaintiff must demonstrate innocence in order to satisfy the favorable termination prong of the malicious prosecution action."); *Cantalino v. Danner*, 96 N.Y.2d 391, 410 (2001) ("[W]e reject defendant's argument that the 'inconsistent with innocence' standard is limited to speedy trial dismissals, like the one at issue in *Smith-Hunter*. The rule announced in *Smith-Hunter* is one of general application, and we see no reason to deviate from it here."); *Smith-Hunter*, 95 N.Y.2d at 200–02 (Rosenblatt, J., concurring) (explaining how the favorable termination test morphed to require a showing of actual innocence but maintaining that the "not inconsistent with innocence" test is the proper one).

[5] Before the New York Court of Appeal's decision in *Smith-Hunter* clearly articulated that the standard to show favorable termination did not require a dismissal indicative of innocence, the Second Circuit affirmed the decision of a district court that found that termination was not favorable because "the suppression of inculpatory evidence [did] not establish or imply appellant's innocence because it was not related to or based upon the reliability or unreliability of the evidence." *Miller v. Cuccia*, 201 F.3d 431, 431 (2d Cir. 1999).

cocaine in [the plaintiff's] rectum, eliminating any doubt that [the plaintiff] was, in fact, guilty of at least criminal possession of a controlled substance."); *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84–85 (2001) ("[The] [p]laintiff's felony conviction was reversed not because of her lack of culpability — indeed, her guilt was proven beyond a reasonable doubt — but because the evidence that formed the basis for her conviction was obtained pursuant to a faulty search warrant. There is plainly no favorable termination here for purposes of malicious prosecution."); *Peters v. City of New York*, No. 14-CV-1361, 2015 WL 3971342, at *2–3 (E.D.N.Y. June 30, 2015) ("Nevertheless, the claim for malicious prosecution fails because the charges against [the plaintiff] were dismissed as a result of the suppression of the evidence found on [the plaintiff's] person and in his apartment."); *Layou v. Crews*, No. 11-CV-0114, 2013 WL 5494062, at *2 (N.D.N.Y. Sept. 30, 2013) (denying request to amend complaint to include a malicious prosecution claim because the "[p]laintiff's prosecution was reversed by the [Appellate Division] because the evidence was tainted by an unlawful search and seizure, and/or the chain of custody over the evidence could not be established. . . . As a matter of law, this is not a favorable termination permitting the accused to bring a malicious prosecution action." (internal quotation marks omitted) (citing *Martinez*, 97 N.Y.2d at 84–85)); *but see Penree v. City of Utica, New York*, No. 13-CV-1323, 2016 WL 915252, at *17 (N.D.N.Y. Mar. 4, 2016) (finding that the plaintiff's case was favorably terminated where the trial court judge dismissed the case because there were no exigent circumstances to enter the plaintiff's residence and arrest him); *Smalls v. City of New York*, 181 F. Supp. 3d 178, 188 (E.D.N.Y. 2016) (finding that reversal of the plaintiff's conviction by the Appellate Division based upon failure to suppress evidence because the initial pursuit of the plaintiff was unlawful was a favorable termination where defendant maintained his innocence).

Here, the parties do not dispute the reason for the termination of Plaintiff's criminal prosecution, only whether the termination is favorable as a matter of law. (*See* Compl. ¶¶ 4, 25, 51; Defs. Mem. 6.) Plaintiff is correct that the standard for favorable termination is not so high to require that the termination establish innocence, but rather, only that the termination is "not inconsistent with innocence;" however, even under the more lenient standard, Plaintiff's claim nevertheless fails.

The Second Circuit and the New York Court of Appeals have established that a plaintiff's underlying criminal case does not terminate favorably where a conviction is reversed because evidence is suppressed in a post-conviction proceeding. In the underlying criminal proceedings in *Gonzalez*[6] and *Martinez*, the searches that were later determined to be unlawful led to tangible evidence of the plaintiffs' guilt, and the sole reason for reversing the trial courts' denial of the motions to suppress and the judgments of conviction was that the evidence obtained as a result of the unlawful searches should have been suppressed. *See People v. Gonzalez*, 870 N.Y.S.2d 529, 530 (App. Div. 2008) (granting the motion to suppress and remitting to the trial court because "the police were not justified in conducting a visual cavity inspection of defendant, and the

---

[6] In *Gonzalez*, the Second Circuit applied the higher standard requiring the plaintiff to establish that the termination of his case indicated his innocence and, applying that standard, found that the evidence discovered by the illegal search "eliminat[ed] any doubt" that the plaintiff was guilty. *Gonzalez v. City of Schenectady*, 728 F.3d 149, 162 (2d Cir. 2013). Even though the Court declines to apply the higher standard here, the Court nevertheless relies on *Gonzalez* for its precedential value because, as in *Gonzalez*, the discovery of the gun on Plaintiff's person eliminates *any doubt* of Plaintiff's guilt, which satisfies the more lenient standard that Plaintiff's termination not be inconsistent with his innocence. Although, the New York Supreme Court's Appellate Division did not dismiss the indictment in *Gonzalez* but instead remitted the proceedings to the trial court, *see People v. Gonzalez*, 870 N.Y.S.2d 529, 530 (App. Div. 2008), the Second Circuit relied on the failure to establish innocence, rather than the finality of the termination, as the basis for finding that the termination was not favorable, *see Gonzalez*, 728 F.3d at 162.

evidence related to the inspection should have been suppressed"); *People v. Martinez*, 80 N.Y.2d 549, 552 (1992) (granting the motion to suppress, reversing the conviction and dismissing the indictment because "the probable cause necessary for the issuance of a search warrant is lacking where the application for the warrant is supported by the affidavit of a confidential informant who has not been questioned by the issuing court and whose reliability has not been established"). Similarly, the search of Plaintiff, although later determined to be unlawful, produced the gun that was used to prosecute Plaintiff. (Compl. ¶ 21.) Plaintiff does not dispute that the officers recovered a gun from his person. (*Id.* ¶¶ 21, 29.) Thus, as in *Gonzalez* and *Martinez*, there is no question that Plaintiff is guilty of criminal possession of a weapon, and the termination of his criminal proceeding is therefore inconsistent with innocence.[7] *See Smith-Hunter*, 95 N.Y.2d at 200 (Rosenblatt, J., concurring) (noting that the court "foreclose[s] malicious prosecution actions by those who carry even an aroma of guilt").

For similar reasons, this case is distinguishable from *Penree* and *Smalls*. *See Penree*,

---

[7] The Appellate Division's remittal to the Supreme Court to allow the court to enter an order pursuant to New York Penal Law section 160.50 is of no consequence to the analysis. *See Harris*, 997 N.Y.S.2d at 481. Section 160.50 is titled "Order upon termination of criminal action in favor of the accused." The use of "in favor" under section 160.50 is not coterminous with the standard required for malicious prosecution. *See Russo v. State of New York*, 672 F.2d 1014, 1021 (2d Cir. 1982) (noting that the return of a defendant's fingerprint card pursuant to section 160.50 would indicate the criminal proceeding had been dismissed, but, "it would not establish a favorable termination" (citing *Cardi v. Supermarket Gen. Corp.*, 453 F. Supp. 633, 635 (E.D.N.Y. 1978))); *see also Manbeck v. Micka*, 640 F. Supp. 2d 351, 372 n.19 (S.D.N.Y. 2009) ("But favorable termination for purposes of sealing . . . is considerably broader than favorable termination for purposes of a malicious prosecution claim or the like, and thus the sealing of the file has no relevance to whether [the plaintiff] should be permitted to pursue a malicious prosecution claim." (citation omitted) (first quoting *Coakley v. Jaffe*, 49 F. Supp. 2d 615, 623 n.4 (S.D.N.Y. 1999); and then quoting *Cardi*, 453 F. Supp. at 635)); *Cardi*, 453 F. Supp. at 635 ("Nothing in the language or history of [section] 160.50 suggests any intent by the legislature either to change New York's long standing requirement that favorable termination be a precondition for a malicious prosecution claim, or to extend the effect of its 'termination' language beyond its carefully expressed and limited purpose.").

2016 WL 915252, at *17; *Smalls*, 181 F. Supp. 3d at 188. In *Penree*, the criminal action was terminated by the trial court before the defendant was convicted, and the court noted that "[t]here is no indication that the evidence recited would result in a conviction but for the unlawful arrest." *Penree*, 2016 WL 915252, at *17. Here, Plaintiff was convicted at trial, and the Appellate Division's holding makes clear that the only reason for the reversal was failure to suppress the evidence discovered by the unlawful search because, without that evidence, there was insufficient evidence to support the jury's verdict. *Harris*, 997 N.Y.S.2d at 481.

In *Smalls*, which Defendants correctly argue is distinguishable, (Defs. Reply 3), the plaintiff had been convicted of two counts of criminal possession of a weapon based on an officer's testimony that, after pursuing the plaintiff and a group of his friends, he saw the plaintiff in possession of a gun that was later recovered in the area where the plaintiff was arrested. 181 F. Supp. 3d at 183; *People v. Smalls*, 922 N.Y.S.2d 461, 462–63 (App. Div. 2011). No gun was recovered from the plaintiff's person. *Smalls*, 181 F. Supp. 3d at 182. The Appellate Division found that the trial court improperly denied a motion to suppress the gun because the initial pursuit, which occurred prior to the officer's observation of the plaintiff with a gun, was unlawful. *Id*. at 182, 188. In the plaintiff's civil action, the court found that the dismissal by the Appellate Division was neutral at best because it "in no way affirm[ed] that [the] plaintiff was guilty of the underlying crimes, and it would be entirely consistent for the plaintiff to have also been innocent." *Id.* at 188. In a footnote immediately following that sentence, the court noted that the Appellate Division did not find that Smalls possessed a gun. *Id.* at 188 n.2. The court went on to reason that the officer's testimony that the plaintiff possessed a gun "cannot be used to stamp out the claim before it can take root" because the plaintiff maintained his innocence and "[a] contrary rule would permit a reversed conviction that

11

was based on false testimony to categorically prevent a malicious prosecution inquiry." *Id*. at 188. Plaintiff does not allege that the officers made false statements that led to a false conviction.[8] Instead, Plaintiff's malicious prosecution claim is based solely on the unlawful search that produced a gun on Plaintiff's person, and there is no risk, as in *Smalls*, that conflicting testimony will foreclose Plaintiff's malicious prosecution claim because there is no dispute that Plaintiff possessed a gun.

Plaintiff's reliance on *Anilao*, 774 F. Supp. 2d at 508, to support his argument that the reversal was favorable because it "include[d] constitutional privilege assertions," is unavailing. (Pl. Opp'n 4–5.) In *Anilao*, the criminal proceeding was dismissed by writ of prohibition in the plaintiffs' favor prior to their conviction. 774 F. Supp. 2d at 465. The Appellate Division found that the plaintiffs were being threatened with prosecution for actions protected by the plaintiffs' First and Thirteenth Amendment rights for which they could not constitutionally be tried. *Id.* at 465–66, 471–73. In contrast, Plaintiff alleges that his conviction was a favorable termination because the Appellate Division reversed the Supreme Court's order denying the motion to suppress the evidence and dismissed the indictment. (Compl. ¶ 51.) That does not establish that the *initiation of the prosecution* violated Plaintiff's constitutional rights. *See, e.g.*, *Peters*, 2015 WL 3971342, at *2–3 (dismissing the argument that termination should be considered favorable because a criminal defendant should not have to choose between "winning dismissal of his

---

[8] Plaintiff alleges for the first time in the Opposition Memorandum that, "Defendant Officers lied in initiating and furthering the prosecution." (Pl. Opp'n 3, 7.) However, no similar allegations appear in the Complaint and Plaintiff cannot rely on allegations in his opposition to a motion to dismiss to amend the Complaint. *See Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436, 451 (S.D.N.Y. 2014) (disregarding allegations raised for the first time in the plaintiff's opposition to a motion to dismiss); *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Moreover, these conclusory allegations are not supported by any facts.

criminal prosecution on evidentiary grounds and preserving his malicious prosecution claim").

Accordingly, the factual circumstances of Plaintiff's prosecution are inconsistent with innocence as a matter of law because Plaintiff concedes that the officers recovered a gun from his possession and the only basis for reversal of his conviction was the failure to suppress the unlawfully obtained evidence. *See Gonzalez*, 728 F.3d at 162; *Martinez*, 97 N.Y.2d at 81. Thus, the termination of Plaintiff's criminal proceeding was not a favorable termination and, as a result, Plaintiff's malicious prosecution claim fails.[9]

### c. Municipal liability

Because the Court dismisses Plaintiff's sole remaining claim, the Court also dismisses Plaintiff's municipal liability claim. *See Urbina v. City of New York*, --- F. App'x ---, ---, 2016 WL 6990019, at *3 (2d Cir. Nov. 29, 2016) ("Having concluded that [the plaintiff] fails to allege any deprivation of federal rights, we hold that the District Court properly dismissed [the plaintiff's] Monell claim."); *Garcia v. Bloomberg*, --- F. App'x ---, ---, 2016 WL 5944727, at *1 (2d Cir. Oct. 13, 2016) ("The 'City cannot be liable under Monell where [a plaintiff] cannot establish a violation of his constitutional rights.'" (alteration in original) (quoting *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013))).

---

[9] Because the Court finds as a matter of law that Plaintiff's criminal proceeding was not favorably terminated thereby defeating his malicious prosecution claim, the Court declines to consider Defendants' alternative arguments for dismissal.

**III. Conclusion**

For the foregoing reasons, the Court grants Defendants' motion to dismiss and dismisses Plaintiff's malicious prosecution claim with prejudice and his municipal liability claim without prejudice.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 4, 2017
      Brooklyn, New York